IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


EDDIE D. OSBURN                                                        PLAINTIFF


        v.                              CIVIL NO. 07-5112


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                        DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        Plaintiff Eddie D. Osburn appealed the Commissioner's denial of benefits to this court.  On

January 10, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant

to sentence four of 42 U.S.C. § 405(g). (Doc. # 9).  Plaintiff now moves for an award of $2,771.75

in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter

"EAJA"), requesting compensation for 16.52 attorney hours of work before the court at an hourly

rate of $165.00 in 2007, and $166.25 in 2008, and $43.62 in expenses.  (Doc. # 10, 11). Defendant

has filed a response, objecting to both the hourly rate requested and certain hours claimed. (Doc.

# 12).

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing

social security claimant unless the Commissioner's position in denying benefits was substantially

justified.  The burden is on the Commissioner to show substantial justification for the government's

denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v.

Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.   See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988)*.*  The district court is "in the best position to evaluate counsel's services and

2

fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 in 2007, and $166.25 in 2008, for the 16.52 hours which she asserts she devoted to the representation of plaintiff in this court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart,* 461 U.S. at 437.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special

3

factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit (Doc. # 10) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit.

The Commissioner has raised an objection to the hourly rate requested. We agree that the requested hourly rate is excessive and find that an award based upon an hourly rate of $152.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990).  Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $152.00 per hour.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 3.00 hours of work from May 7, 2007, through June 12, 2007.  The Complaint was filed in this court until June 22, 2007. (Doc. # 1).  We note, time spent at the administrative level is not compensable under the EAJA.  *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984).  However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court.  Therefore, we will allow 2.00 hours. Accordingly, 1.00 hour must be deducted from the total compensable time sought by counsel.

4

Defendant argues that certain hours claimed should be deducted because the work could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). We agree. Specifically, defendant objects to plaintiff's counsel request for 0.08 hour June 22, 2007 (receive electronic verification of case filing, case no:5:07cv5122), from which we deduct 0.08 hour; 0.08 hour on August 1, 2007 (receive PS Form 3811 to verify service), from which we deduct 0.08 hour; 0.08 hour on August 2, 2007 (receive PS Form 3811 to verify service on Chief of Counsel), from which we deduct 0.08 hour; 0.08 hour on August 6, 2007 (receive PS Form 3811 to verify service on US Attorney General), from which we deduct 0.08 hour; 0.08 hour on August 8, 2007 (receive PS Form 3811 to verify service on Commissioner), from which we deduct 0.08 hour; 0.25 hour on September 27, 2007 (receive transcript of 214 pages), from which we deduct 0.25 hour; and 0.25 hour on October 15, 2007 (brief transmitted electronically to Magistrate), from which we deduct 0.25 hour. We also find the 0.67 hour requested on June 30, 2007 (review and sign assignment of jurisdiction of magistrate for the four defendants. Cost of service), is excessive and reduce the time to 0.59 hour. Accordingly, 1.49 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel requests 0.50 hour on February 12, 2008 (receive and review notice of order by appeals council to ALJ), from which we deduct 0.50 hour. As mentioned above, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). Accordingly, we deduct 0.50 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 3.50 hours on March 27, 2008, for the research and preparation of the EAJA petition and brief.  We find the time sought to be excessive and deduct 2.00 hours from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $43.62 in expenses incurred with regard to postage and photocopies.  Such expenses are recoverable under the EAJA and we find $43.62 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 11.53 (16.52-4.99) attorney hours, at the rate of $152.00 per hour, and for $43.62 in expenses, for a total attorney's fee award of $1,796.18.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 8th day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6

AO72A
(Rev. 8/82)